IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TIMOTHY FIRESTONE, Individually and Behalf all others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COWBOY BRAZILIAN STEAKHOUSE, LLC, AND ARMELINDO CONTE *individually,*<br><br>Defendants. | CIVIL ACTION NO: 2:22-cv-04020-BHH<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiff Timothy Firestone, ("Firestone" of "Plaintiff") individually and on behalf of all others similarly situated employees, by way of his Complaint in the above-captioned matter, alleges the following claims against Defendants, Cowboy Brazilian Steakhouse, LLC, ("Brazilian Steakhouse") and Armelindo Conte ("Conte") individually, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA").

## NATURE OF CLAIM

1. This is an action to recover minimum wage, unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq.

2. Plaintiff brings this lawsuit against Defendants as a collective action, pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself and all other

similarly situated Servers and Gauchos who suffered damages because of Defendants' violations of the FLSA.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Firestone is a citizen and a resident of Berkeley County, South Carolina.

4. Defendant, Brazilian Steakhouse, is a for-profit limited liability South Carolina Corporation, organized and existing under the laws of South Carolina, and is registered with the South Carolina Secretary of State.

5. Defendant, Conte upon information and belief is a citizen and resident of Charleston County, South Carolina.

6. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Charleston County. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

7. Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all similarly situated Servers and Gauchos who were not paid the federal minimum wage, and had improper deductions from their wages and tips while working for Defendants' restaurant.

8. This Court has jurisdiction of the Plaintiff's claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

9. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the law of the State of South

Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## FACTUAL ALLEGATIONS

10. Defendant Brazilian Steakhouse is a restaurant located at 2411 Mall Drive in North Charleston, SC.

11. Brazilian Steakhouse offers a salad bar with over 30 items, including hot Brazilian dishes as well as prime cuts of beef, lamb, chicken and pork carved tableside.

12. Defendant Conte is an owner and manager of Brazilian Steakhouse. Defendant Conte acts directly and/or indirectly in the interest of Defendants in relation to Plaintiff and similarly situated employees.

13. Defendant Conte manages the daily operations of the restaurant and regularly exercises the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.

14. By virtue of the control and authority he exercises, Conte is Plaintiff's employer as defined by the Act. 29 U.S.C. §201 *et seq.*

15. The Defendants employed Plaintiff from October 2021 to October of 2022.

16. Plaintiff was employed as a Gaucho. His primary job responsibilities included bringing cuts of beef, lamb, chicken and pork to guests on a skewer and slicing it at their table.

17. Plaintiff was paid $2.13 an hour plus tips.

18. Plaintiff worked alongside other Servers and Gaucho's who were also paid $2.13 an hour and were subject to Defendants' unlawful tip pool.

19. The Servers primary duties were to bring guests beverages and clear their plates from the table.

20. At all relevant times, Plaintiff and other Gauchos and Servers have been similarly situated and have had substantially similar job requirements and job duties.

21. Moreover, they have been subject to Defendants' common decisions, policies, practices, procedures and rules that willfully violate the FLSA.

22. Defendant Conte had a policy and practice of forcing their Gauchos and Servers to provide portions of their tips to him. By maintaining such a policy Defendants may not avail themselves of the tip credit provisions of the FLSA;

23. Plaintiff and other similarly situated employees had an employment agreement with Defendants, whereby Plaintiff was paid hourly rate plus tips and this compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

24. Defendants paid Plaintiff, and other similarly situated Gauchos and Servers, less than the statutory minimum $7.25 wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

25. Defendants required Plaintiff and similarly situated Gauchos and Servers to participate in a mandatory "tip pool" which included Servers, Gauchos, and Conte.

26. At the end of a shift the tips were split equally between the Servers, Gauchos, and Conte.

27. Defendants required Plaintiff and similarly situated Gaucho and Servers to share their tips with the owner.

28. Defendant Conte owns Brazilian Steakhouse and is not, by definition, a "tipped employee" eligible to share in a tip pool under § 203(m).

29. The Managers of Brazilian Steakhouse and are not, by definition, a "tipped employee" eligible to share in a tip pool under § 203(m).

30. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available under 29 U.S.C § 203 (m) because Defendants retained portions of Plaintiff's and similarly situated employee's tips for their own purposes.

31. The FLSA prohibits any arrangement between the employer and the tipped employee whereby any part of the tip received becomes the property of the employer.

32. Defendants had a willful policy of withholding and/or diverting portions of their Servers and Gauchos tips directly from them each shift and using them for their own purposes.

33. Plaintiff and similarly situated Gauchos and Servers seek the difference between $2.13 and the minimum wage of $7.25 for all hours worked.

34. Plaintiff as well as similarly situated Gauchos and Servers seek recovery of their tips in excess of minimum wage.

35. Defendants actions were not in good faith or based upon a reasonable belief that they were not violating applicable laws.

36. As a result of the Defendants' mandatory tip pool, the Defendants violated the rights of the Plaintiff and similarly situated employees by failing to pay these employees the federally mandated minimum wage of $7.25 an hour.

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act-Minimum Wage Claim)
(Individual and Collective Claim)

37. Plaintiff, on behalf of himself and all other similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

38. At all times pertinent to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

39. At all times relevant to this Complaint, Defendants annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA

40. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to the FLSA.

41. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

42. The FLSA mandates that Defendants compensate non-exempt employees the minimum wage rate of $7.25 per hour.

43. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing Defendants to pay less than the statutory minimum wage to tipped employees, on the condition that the pooling of tips only includes employees who customarily and regularly receive tips.

44. When the Defendants and Managers shared in the Tip Pool and took a percentage of the tip pool, the tip pool was invalidated.

45. Without the benefit of the tip credit provision, the Defendants must pay the Plaintiff and similarly situated employees the statutory minimum wage of seven and 25/100 ($7.25) per hour.

46. Defendants' compensation of the Plaintiff and other similarly situated Servers and Gauchos violated the minimum wage provisions of the FLSA because Defendants did not permit Plaintiff and other similarly situated employees to retain all the tips they received.

47. Defendants' compensation of the Plaintiff and other similarly situated employees violated the minimum wage provisions of the FLSA because Defendants unlawfully retained portions of the tips received by Plaintiff and other similarly situated employees for Defendants' own profit.

**FOR A SECOND CAUSE OF ACTION**
(Fair Labor Standards Act-Tip Violation)
(Individual and Collective Claim)

48. Plaintiffs and similarly situated Servers and Gauchos incorporate by reference all of the above allegations as though fully set forth herein.

49. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

50. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

51. At all relevant times, Plaintiff and similarly situated Servers and Gauchos were employed by Defendants within meaning of the FLSA.

52. Plaintiff and similarly situated Servers and Gauchos are employees entitled to all of their tips.

53. Defendant Conte kept portions of Plaintiff's and similarly situated Servers and Gauchos' tips.

54. In addition to the amount of unpaid tipped wages owed to Plaintiff and similarly situated Servers and Gauchos, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

55. Defendants' actions in failing to properly compensate Plaintiff and similarly situated Servers and Gauchos, in violation of the FLSA, were willful.

56. Defendants have not made a good faith effort to comply with the FLSA.

57. Plaintiff and similarly situated Servers and Gauchos also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated Servers and Gauchos, seeks judgment against the Defendants as follows:

a. That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

b. Designation of the action as a class action under Fed. R. Civ. P. 23;

c. Judgment against Defendants for an amount equal to Plaintiff and similarly situated employees' wages at the applicable hourly rate of $7.25;

d. Judgment against Defendants for the amount of unlawfully retained portions of the tips they received from Plaintiffs;

e. An award of compensatory damages in an amount equal to the unpaid minimum wages owed to Plaintiff and similarly situated employees pursuant to 29 U.S.C. § 216(b);

f. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

g. An award of treble damages pursuant to the South Carolina Payment of Wages Act;

h. Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

i. An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated employees in bringing this action; and

j. Restitution of wages and gratuities improperly retained by Defendant

k. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Sims, individually and on behalf of all other similarly situated employees hereby demand a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
652 Rutledge Ave, Suite A
Charleston, South Carolina 29403
Phone (843) 588-5587
marybeth@mullaneylaw.net

*Attorney for Plaintiff*

November 11, 2022
Charleston, South Carolina.