UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TIMOTHY FIRESTONE AND LYRIC RICHARDSON, Individually and Behalf all others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> FOOD CONCEPTS, LLC d/b/a Cowboys Brazilian Steakhouse, AND ARMELINDO CONTE *individually*, <br><br> Defendants. | Civil Action No. 2:22-cv-04020-BHH <br><br> **Opinion and Order** |

On February 13, 2024, the Court granted Plaintiffs' motion for conditional class certification and to authorize notice, ECF No. 18. (*See* ECF No. 31.) The parties were ordered to meet and confer about their remaining disputes regarding the proposed notice. On February 27, 2024, the parties filed a joint motion describing the remaining disputes regarding the proposed notice and setting forth each party's position. (ECF No. 33.) The Court resolves those disputes as follows.

## NOTICE

The parties agree to the notice attached to their joint motion, (ECF No. 32 at 32-1 and 32-2), in all respects except the class definition.

Plaintiffs request that the class definition in the notice read as follows:

> All current and former Servers and Gauchos who worked at Food Concepts d/b/a Cowboys Brazilian Steakhouse located at 2411 Mall Drive in North Charleston, SC, from December 1, 2020, through June 15, 2022, and who were required to share tips with an owner or manager and who were not paid at least $7.25 an hour.

Defendants argue that the beginning date should be February 13, 2021, the date of this Court's ruling on Plaintiffs' motion for conditional certification, and that the phrase "and who were required to share tips with an owner or manager" should be removed. Thus, Defendants request that the class definition in the notice read as follows:

> All current and former Servers and Gauchos who worked at Food Concepts d/b/a Cowboys Brazilian Steakhouse located at 2411 Mall Drive in North Charleston, SC, from February 13, 2021, through June 15, 2022, and who were not paid at least $7.25 an hour.

The Court will address each issue in turn.

### *The Appropriate Time Period*

In support of their December 1, 2020, beginning date, Plaintiffs ask that the Court toll the statute of limitations on their FLSA claim from July 1, 2023, the date Plaintiffs filed their motion for conditional certification (ECF No. 18), until February 13, 2024, the date the Court granted their motion for conditional certification. (ECF No. 31). Plaintiffs argue that they satisfy the Fourth Circuit's test for equitable tolling in FLSA collective actions because "the Court needed approximately seven and half moths to decide" their motion for conditional certification. (ECF No. 32 at 2.) Plaintiffs also argue that the Court should toll the statute of limitations "because of the finite window of the illegal pay practice[,] and Plaintiffs willingness to agree to the Defendants['] proposed [end] date of June 15, 2022," for the alleged illegal pay practice. (*Id.* at 3-4.) Plaintiffs state that they "have agreed to limit the timeframe to June 15, 2022, because they acknowledge that Conte stopped participating in the Servers and Cauchos tip pool on or about that date." (ECF No. 32 at 2.) Plaintiffs state that "[t]his is a significant concession on the [their] part" and supports tolling the statute of limitations. (*Id.*)

Defendants object, arguing that equitable tolling is inappropriate here due to the absence of any exceptional or extraordinary circumstances. (*Id.* at 7.) Defendants distinguish the instant case from cases where the statute of limitations period was tolled due to motions practice, procedural or jurisdictional issues before the Court, or a significant delay by the court in ruling on the motion for conditional certification. (*Id.* at 5-7.) Defendants do not specifically address Plaintiffs' latter argument in support of tolling. Rather, they note in a footnote that "Plaintiffs appear to concede [that] there is no dispute that Defendant Armelindo Conte stopped participating in the tip pool on or about June 1, 2022." (*Id.* at 4 n.1.) Thus, Defendants argue that June 15, 2022, is the proper end date for the limitations period to avoid including individuals "who have no claims in this matter." (*Id.*)

After review, the Court finds that Plaintiffs have not met their burden of demonstrating "extraordinary circumstances" in this case to warrant tolling the statute of limitations.

The doctrine of equitable tolling applies to all federal statutes of limitations. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). To determine whether to apply the doctrine, "the basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations . . . ." *Burnett v. N.Y. Central R.R. Co.*, 380 U.S. 424, 427 (1965). The Supreme Court has recognized that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). The Fourth Circuit has held on a number of occasions that equitable tolling is an extraordinary remedy and that "any invocation of equity to relieve the strict application of a statute of limitations must be

3

guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Chao v. Virginia Dept. of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Under both U.S. Supreme Court and Fourth Circuit precedent, equitable tolling is deemed appropriate where: (1) "claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," or (2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In addition to these recognized grounds, the Fourth Circuit also permits equitable tolling when (3) extraordinary circumstances beyond a plaintiff's control prevents timely filing of one's claims. *Chao*, 291 F.3d at 283. As indicated by *Irwin*, equitable tolling is not permitted "where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 496 U.S. at 96.

Courts in this circuit have found equitable tolling to be warranted where an FLSA case's procedural path delayed collective action certification. *See, e.g., Weckesser v. Knight Enters. S.E., LLC*, No. 2:16-cv-02053-RMG, 2018 WL 4087931 (D.S.C. Aug. 27, 2018); *Lorenzo v. Prime Commc'ns, L.P.*, No. 5:12-cv-69-H, 2014 WL 3366073 (E.D.N.C. July 9, 2014); *Hansen v. Waste Pro of S.C., Inc.*, No. 2:17-cv-02654-DCN, 2020 WL 1892243 (D.S.C. April 16, 2020). In *Weckesser*, the plaintiffs requested that the court equitably toll the statute of limitations because the action was stayed for 496 days while an order denying a motion to compel arbitration was on appeal. *Weckesser*, 2018 WL 4087931, at *3. The court granted that request, noting that the plaintiffs, who had not yet filed a motion for conditional certification of the collective action, could not file during the

4

interlocutory appeal because the appeal divested the district court of jurisdiction. *Id*. In *Lorenzo*, the court equitably tolled the statute of limitations when the defendant's motions for arbitration and related appeals delayed the district court's ruling on her motion for collective certification by over a year. *Lorenzo*, 2014 WL 3366073, at *3. In *Hansen*, the court tolled the statute of limitations when more than a year and a half elapsed between the plaintiffs filing a motion for conditional certification and the court's ruling on that motion because the court delayed ruling on the motion while it resolved jurisdictional issues. *Hansen*, 2020 WL 1892243, at *9. In doing so, the court distinguished a case where equitable tolling was not warranted when another pending motion delayed a court's ruling on conditional certification by only four months. *Id*. at *9.

However, courts generally decline to apply equitable tolling where delays were caused by the regular progression of motion practice. For example, in *LaFleur v. Dollar Tree Stores, Inc*., No. 2:12-cv-00363, 2012 WL 4739534 (E.D. Va. Oct. 2, 2012), the plaintiffs sought equitable tolling while a defendant's motion to dismiss was pending. *LaFleur*, 2012 WL 4739534, at *4-5. The court in that case declined to toll the statute of limitations, noting that the motion had been pending for only three months. *Id*. at *7. The *LaFleur* court recognized, as other courts have, that Congress could have included a provision in the FLSA to toll the statute of limitations for an entire putative class on filing of the complaint—as is the case in class actions brought pursuant to Rule 23 of the Federal Rules of Civil Procedure—but chose not to. *Id*. at *6. Accordingly, the court surmised, Congress's intent was that the statute of limitations would not be tolled in cases following the ordinary course of litigation, such as cases where a motion was pending for only a few months. *Id*. at *6-7. However, in reaching its conclusion, the Court recognized

5

that a longer delay might harm plaintiffs and warrant tolling, citing as an example another case where the statute of limitations was tolled because a motion to certify the potential class had been pending for over a year. *Id*. (citing *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309 (S.D. W. Va. 1986)).

Here, there has been no significant delay in this Court's consideration of Plaintiffs' motion for conditional certification. Plaintiffs' motion was filed on July 1, 2023, and was ripe for adjudication on August 18, 2023.[1] On February 13, 2024, the Court issued an order and opinion on Plaintiffs' motion. Unlike the cases above, the docket in this case is devoid of any lengthy procedural history addressing jurisdictional or procedural issues, dispositive motions, and/or preliminary disputes between the parties. In short, there have been no unique circumstances in this case's litigation posture that have delayed the Court's consideration of Plaintiffs' motion for conditional certification.

While the Court always strives to address motions before it as expeditiously as possible, it finds that its less than eight-month delay from the date of the motion's filing, and, more importantly, its less than six-month delay from the date of the motion's ripeness does not constitute extraordinary circumstances warranting the circumvention of Congress's intent with respect to the FLSA. *Schilling v. Schmidt Baking Co., Inc.*, Civ. No. TDC-16-2498, 2018 WL 3520432, at *7 (D. Md. July 20, 2018) (stating that "ordinary litigation delay is not considered an 'extraordinary circumstance' warranting equitable tolling") (citation omitted); *Kelli Salazar, et al., Plaintiffs, v. Driver Provider Phoenix LLC, et al., Defendants*, No. CV-19-05760-PHX-SMB, 2024 WL 1156571, at *2 (D. Ariz. Mar. 18, 2024) (noting that "[t]he ordinary rhythms and delays of litigation do not constitute the

---

[1] Briefing on Plaintiffs' motion for conditional certification concluded on this date, as the parties sought and received extensions of time to file their respective response and reply briefs. (*See* ECF Nos. 20, 26, 29.)

requisite 'extraordinary circumstances'") (citation omitted). *See also Pogue v. Chisholm Energy Operating Co.*, No. 2:20-cv-580, 2021 5861184, at *10-11 (D.N.M. Dec. 10, 2021) (finding a delay of over six months from the filing of plaintiff's certification motion to the court's decision granting certification was insufficient to warrant equitable tolling); *Young v. Dollar Tree Stores*, No. 11-cv-1840, 2013 WL 1223613, at *1 (D. Colo. Mar. 25, 2013) (finding a 10-month delay in deciding a certification motion was not sufficiently extraordinary and denying tolling motion); *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 12–1831, 2013 WL 5372529, at *8 (S.D. Tex. Sept. 24, 2013) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for eight months); *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2014 WL 5557489, at *2-3 (S.D.N.Y. Nov. 3, 2014) (holding equitable tolling not available based on "the passage of time while the conditional certification motion as pending" because a nine-month time delay "was not 'extraordinary'").

Further, the Court is not persuaded that tolling is warranted because of the finite window of the alleged illegal pay practice or Plaintiffs' voluntary decision to agree to the end date proposed by Defendant for the alleged illegal pay practice. Plaintiffs have not provided any case law supporting that either presents an "extraordinary circumstance" that justifies equitable tolling in this case, and the Court is not aware of any.

In light of the statutory intent of Congress in its drafting of the FLSA's statute of limitations and the failure of Plaintiffs to make a sufficient showing of extraordinary circumstances, misconduct by the Defendants or defective filings, the Court finds that equitable tolling is not warranted. Thus, Plaintiffs' request to toll the statute of limitations is denied. Accordingly, the appropriate time period for notice begins on

February 13, 2021, the three-year period prior to the date of this Court's ruling on Plaintiffs' motion for conditional certification.

### *Defining the Class*

The last dispute between the parties is over the inclusion of the phrase, "who were required to share tips with an owner or manager," in the class definition.

Defendants contend that this phrase should be removed to "eliminate confusion with any potential plaintiff as to whether they shared tips with a manager or owner." (ECF No. 7-8.) Defendants state that Defendant Conte shared in the tip pool during the time period with the servers and gauchos, thus it is irrelevant to the notice whether Conte was a manager or owner; this is a question that will be determined by the Court. (*Id.*)

Plaintiffs argue that this phrase provides opt-in plaintiffs with a detailed description of the alleged illegal pay practice, and "the more information [they] have, the more likely they are to realize the illegal pay practice they were subjected to and the more likely they will be to join." (ECF No. 32 at 4.)

It is important to note that "district courts have discretion, in appropriate cases, to implement . . . § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). In facilitating such notice under the FLSA, courts also have "broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 574 (D.Md. 2012) (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006)). "Neither the [FLSA], nor other courts, have specifically outlined what form court-authorized notice should take nor what provisions the notice should contain." *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 60 (E.D.N.Y. 2011) (quoting *Fasanelli v. Heartland*

*Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (internal quotation marks omitted)). Moreover, the Supreme Court has expressly abstained from reviewing the contents of a proposed notice under § 216(b), instead "confirm[ing] the existence of the trial court's discretion, not the details of its exercise." *Hoffman–La Roche, Inc.*, 493 U.S. at 170. Nevertheless, "[w]hen exercising its broad discretion to craft appropriate notices in individual cases, District Courts [should] consider the overarching policies of [the FLSA's] collective suit provisions." *Velasquez v. Digital Page, Inc.*, No. 11-3892 LDW AKT, 2014 WL 2048425, at *9 (E.D.N.Y. May 19, 2014) (quoting *Fasanelli,* 516 F.Supp.2d at 323 (internal quotation marks omitted)). "The[se] overarching policies . . . require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *Butler*, 876 F. Supp. 2d at 574-75 (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011)).

"Absent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice in drafting the notice." *Sylvester v. Wintrust Fin. Corp.,* No. 12 C 01899, 2013 WL 5433593, at *6 (N.D. Ill. Sept. 30, 2013) (quoting *Kelly v. Bank of Am., N.A.*, No. 10 C 5332, 2011 WL 7718421, at *1 (N.D. Ill. Sept. 23, 2011) (internal quotation marks omitted)).

The Court has considered the parties' arguments. The Court agrees with Defendants that the phrase "who were required to share tips with an owner or manager" could create confusion among potential plaintiffs. The Court finds that this phrase is better suited for the "Description of The Lawsuit" section of the notice. And, in fact, upon review, that section of the notice sufficiently describes the alleged illegal pay practice – that

9

"Defendants *required [Plaintiff] to participate in a tip that included an owner or manager* and failed to pay him and other similarly situated Cauchos and Servers $7.25 an hour." (ECF No. 32-2 at 2) (emphasis added). Thus, the Court believes Plaintiff's concern about providing necessary information is assuaged by other language in the notice.

The Court notes that neither party provided any case law in support of their respective positions. After conducting its own research, the Court located two district court cases where plaintiffs asserted the same illegal pay practice at issue here, and the court approved notices where the class was defined *without* mention of a tip pool or those who did not qualify to share in the tip pool. *See, e.g., McCoy v. RP, Inc.*, No. 2:14-CV-3171-PMD, 2015 WL 6157306, at *4 (D.S.C. Oct. 19, 2015) (defining the class with reference to only those who were paid an hourly rate less than the statutory minimum wage[2]); *Graham v. Hall's S. Kitchens, LLC*, 331 F.R.D. 619, 623 (D.S.C. 2018) (same[3]). The Court also located district court cases where the class was defined *with* mention of a tip pool. *See Wolff v. Backstreets Grill SC, LLC*, No. CV 3:21-02800-MGL, 2022 WL 14763223, at *5 (D.S.C. Oct. 25, 2022)(class definition include phrase, "and participated in a tip pool created by Backstreets"[4]); *Lynch v. Dining Concepts Grp., LLC*, No. 2:15-CV-580-PMD, 2015 WL 5916212, at *5 (D.S.C. Oct. 8, 2015) (class definition included phrase, "and

---

[2] The Court notes that defendants asserted objections to the proposed notice's class definition; however, they did not object to including a phrase about contributing to a mandatory tip pool. It appears the Court, in its own discretion, altered the class definition. *McCoy*, 2015 WL 6157306, at *3-4. Indeed, the notice approved by the Court did not contain the following phrase contained in the plaintiff's proposed notice's class definition: "and either contributed money to a tip pool or received money from a tip pool." *Id.*

[3] The Court notes that the *Graham* court was not presented with objections to the plaintiff's proposed notice's class definition, which only included reference to those who at any time were paid a direct hourly wage less than the statutory minimum wage.

[4] The Court notes that this phrase was included in plaintiffs' proposed notice's class definition and was not objected to by defendants.

either contributed money to a tip pool or received money from a tip pool"[5]) The Court did not locate any case law where the class was defined with mention of an owner or manager, or any other position that does not customarily and regularly receive tips.

Given the Court's reasoning above and considering the case law, the Court hereby defines the class as follows:

> All current and former Servers and Gauchos who worked at Food Concepts d/b/a Cowboys Brazilian Steakhouse located at 2411 Mall Drive in North Charleston, SC, from February 13, 2021, through June 15, 2022, who were paid an hourly rate less than the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour and shared in a mandatory tip pool.

Accordingly, the proposed notice as revised herein is approved for dissemination. The Court also incorporates by reference its prior rulings pertaining to notice contained in its February 13, 2024, Order. (*See* ECF No. 31 at 15-16.)

**IT IS SO ORDERED.**

                                                  /s/ Bruce Howe Hendricks
                                                  United States District Judge

March 28, 2024
Charleston, South Carolina

---

[5] The Court notes that this phrase was included in plaintiffs' proposed notice's class definition and was not objected to by defendants.