IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TIMOTHY FIRESTONE and LYRIC RICHARDSON, Individually and Behalf all others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOOD CONCEPTS, LLC d/b/a Cowboy Brazilian Steakhouse, AND ARMELINDO CONTE individually,<br><br>Defendants. | CIVIL ACTION NO: 2:22-cv-04020-BHH<br><br>**JOINT MOTION FOR SETTLEMENT APPROVAL** |

The parties to the above-captioned action, by and through their undersigned counsel, jointly move the Court for an Order approving their Settlement Agreement ("Agreement"). In support of the motion, the Parties offer the following:

**BACKGROUND**

Defendant Food Concepts, LLC ("Food Concepts") operates a restaurant known as Cowboy Brazilian Steakhouse located at 2411 Mall Drive, North Charleston, South Carolina. Cowboy Brazilian offers a salad bar with over 30 items, including hot Brazilian dishes as well as prime cuts of beef, lamb, chicken, and pork, carved tableside. (Second Amended Complaint, ¶¶ 11-12, ECF No. 23). Plaintiffs Timothy Firestone and Lyric Richardson as well as Opt-In Plaintiffs Sara Candio, Cynthia De Hora Macias, Jasmine Morgan, Ashley Moore, and Heaven Ward ("Opt-in Plaintiffs") (collectively "Plaintiffs") were employed as Gauchos and/or Servers by Food Concepts, where their duties and responsibilities primarily included bringing cuts of beef, lamb,

1

chicken and pork to guests on a skewer and slicing it at their table and bringing guests beverages and clearing their plates from the table, respectively. (Id. ¶¶ 18-19) Plaintiff's allegations are that (1) Defendants improperly required Servers and Gauchos to participate in a tip pool and share their tips with owner and manager Armelindo Conte ("Conte") (collectively with Food Concepts known as "Defendants") (Id. ¶¶ 13-14, 22, 25, 28 and 32); (2) Defendants did not pay them the minimum wage required by the FLSA; and (3) that Plaintiff Richardson was denied overtime pay (Id. ¶ 40-49). Defendants deny that they violated the FLSA and more specifically, deny that Armelindo Conte improperly participated in the tip pool and also deny that Richardson was denied overtime pay. (Defendants' Answer to Second Amended Complaint, ¶¶ 14-15, 22-25, 30-33, 35-40, 42-49, ECF 25).

Filed on November 11, 2022 (ECF No. 1), this case was brought by Plaintiff Timothy Firestone under the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. §201, et seq. Plaintiff filed an Amended Complaint on January 4, 2023, to include the entity which owns Cowboy Brazilian Steakhouse. (ECF No. 7.) Defendants timely filed an Answer to the First Amended Complaint on January 24, 2023. (ECN No. 9) On July 1, 2023, Plaintiffs filed a Second Amended Complaint to add Plaintiff Lyric Richardson to this matter and to include an allegation that Defendants violated the FLSA by not properly paying Richardson overtime compensation. (ECF No. 23). On August 3, 2024, Defendants filed an Answer to the Second Amended Complaint, generally denying Plaintiffs' allegations and denying that they violated the FLSA. (ECF No. 25)

Plaintiffs filed a Motion for Conditional Certification on July 1, 2023. (ECF No. 18) The Defendants filed a Response in Opposition on July 28, 2023. (ECF No. 22) The Court granted Plaintiff's motion on February 13, 2024. (ECF No. 31) Opt-in Plaintiffs Sara Candio, Cynthia De Haro Macia, Jasmine Morgan, Ashley Moore, and Heaven Ward filed Consents to Join the action.

(ECF No. 36-40). The parties engaged in written discovery and then mediated the case with David McCormick on September 26, 2024, wherein they reached a mutually agreeable settlement.

## **PROPOSED SETTLEMENT**

After considerable discussions and negotiations, including a review of the available evidence, the parties have negotiated a compromise settlement of Plaintiffs' alleged claims based on estimated alleged losses falling within a 3-year statute of limitations under the FLSA, preserving Defendants' denial of any wrongdoing and/or willful violations of the FLSA. This settlement represents the resolution of a *bona fide* dispute. Specifically, the parties reached a resolution regarding alleged back pay owed and the applicability of Defendants' good-faith defense under 29 U.S.C. § 260.

As reflected in the settlement agreement, the Plaintiffs are receiving a total of fifty-two thousand five hundred dollars and zero cents ($52,500.00). The Settlement Sum shall be allocated as follows: Lyric Richardson will receive a total of twenty thousand four hundred and ninety-three dollars. ($20,493.00); Timothy Firestone will receive fourteen thousand six hundred and twenty-eight dollars ($14,628.00); Sara Candio will receive two thousand four hundred and seventy four dollars ($2,474.00); Ashley Moore, Jasmine Morgan, Heaven Ward, and Cynthia De Hora Macias will each receive each four hundred and seventy six dollars. ($476.00); Mullaney Law will receive thirteen thousand and one dollar in attorney's fees and costs. ($13,001.00)

This amounts to a 100% recovery for Richardson and Firestone from their two-year wages and tips withheld, which the Plaintiffs estimate to be $12,476.76 and $8,951.13, respectively. This settlement also allows for a little over 50% of their liquidated damages. The Defendants dispute Plaintiffs calculations and believe the numbers would be significantly lower. Defendants also deny that Richardson was owed any overtime compensation and the total amount being paid to

3

Richardson under the Settlement Agreement as referenced above includes any consideration of alleged overtime owed to her. Candio, Moore, Morgan, Ward and De Hora Macias damages are all in the third year. Their settlement is 100% of their wages and does not include the tips. Because the likelihood of recovering damages in the third year is lower, given that the Plaintiffs would have to prove willfulness, the parties compromised and settled for the third wage damages and did not include the withheld tips.

The Settlement Sum will be paid in three payments of seventeen thousand five hundred dollars and zero cents ($17,500.00), the first of which will be paid within fifteen (15) days of the issuance of the Order approving the Joint Motion for Approval of Settlement, the second payment within thirty (30) days thereafter, and the third payment within thirty (30) days thereafter. The payments are set forth below:

**First Payment**

- A total of $6,831.00 made payable to Lyric Richardson via the issuance of one check of $3,415.50 as and for unpaid minimum wage, taken tips and/or overtime allegedly owed to Richardson pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Richardson, and a second check of $3,415.50 as for any alleged liquidated damages for which an IRS Form 1099 shall issue to Richardson;

- A total of $4,876.00 made payable to Timothy Firestone via the issuance of one check of $2,438.00 as and for unpaid minimum wage and/or taken tips allegedly owed to Firestone pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Firestone,

and a second check of $2,438.00 as for any alleged liquidated damages for which an IRS Form 1099 shall be issued to Firestone;

- A total of $2,474.00 made payable to Sara Candio via the issuance of one check of $1,237.00 as and for unpaid minimum wage and/or taken tips allegedly owed to Candio pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Candio, and a second check of $1,237.00 as for any alleged liquidated damages for which an IRS Form 1099 shall be issued to Candio;

- $476.00 made payable to Ashley Moore;

- $476.00 made payable to Jasmine Morgan;

- $476.00 made payable to Heaven Ward;

- $476.00 made payable to Cynthia De Hora Macias; and

- $1,415.00 made payable to Marybeth Mullaney, Esq. for alleged attorney's fees and for which an IRS Form 1099 shall issue to Mullaney.

**Second Payment**

- A total of $6,831.00 made payable to Lyric Richardson via the issuance of one check of $3,415.50 as and for unpaid minimum wage, taken tips and/or overtime allegedly owed to Richardson pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Richardson, and a second check of $3,415.50 as for any alleged liquidated damages for which an IRS Form 1099 shall issue to Richardson;

- A total of $4,876.00 made payable to Timothy Firestone via the issuance of one check of $2,438.00 as and for unpaid minimum wage and/or taken tips allegedly owed to Firestone

pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Firestone, and a second check of $2,438.00 as for any alleged liquidated damages for which an IRS Form 1099 shall issue to Firestone; and

- $5,793.00 made payable to Marybeth Mullaney, Esq. for alleged attorney's fees and for which an IRS Form shall issue to Mullaney

**Third Payment**

- A total of $6,831.00 made payable to Lyric Richardson via the issuance of one check of $3,415.50 as and for unpaid minimum wage, taken tips and/or overtime allegedly owed to Richardson pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Richardson, and a second check of $3,415.50 as for any alleged liquidated damages for which an IRS Form 1099 shall issue to Richardson;
- A total of $4,876.00 made payable to Timothy Firestone via the issuance of one check of $2,438.00 as and for unpaid minimum wage and/or taken tips allegedly owed to Firestone pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Firestone, and a second check of $2,438.00 as for any alleged liquidated damages for which an IRS Form 1099 shall issue to Firestone; and
- $5,793.00 made payable to Marybeth Mullaney, Esq. for alleged attorney's fees and for which an IRS Form shall issue to Mullaney.

After the all the settlement payments have been delivered to Plaintiffs' counsel and have cleared the bank, counsel will file a stipulation of dismissal with prejudice.

The settlement amount is adequate when viewed against the risks, expenses, and delays inherent in continued litigation. Moreover, any recovery Plaintiffs could potentially receive, if they

continued to litigate their claims, will be delayed while the parties engage in a trial and potentially an appeal. Such delays could last a year or longer. Plaintiffs' allocation of settlement funds is based on an individual determination using the duration of time they were each employed by Food Concepts during the applicable statute of limitations period for the relevant time. Although it may be possible for Plaintiffs to receive a higher recovery after trial, it would also be possible for Plaintiffs to receive a zero recovery if a jury ruled against them at trial. The settlement eliminates the risks of litigation and provides Plaintiffs a recovery now rather than at the conclusion of litigation. In light of all of these risks, the parties made a reasonable decision to settle this case for the terms set forth in the proposed Settlement Agreement.

## **Legal Discussion**

Settlements of FLSA claims are appropriate for court approval when the settlement is a "fair and reasonable resolution of a *bona fide* dispute over [the] FLSA." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). The settlement ultimately reached was the product of arm's-length negotiations between the parties. It provides relief to Plaintiffs and eliminates the risk the parties would bear if this litigation were to continue. See *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as a strong indication of fairness).

The factors to be considered in evaluating the fairness of an FLSA settlement include the following: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. See, e.g., id.; *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955,

at *11 (E.D. Va. Sept. 28, 2009); *Houston v. URS Corp.*, 2009 U. S. Dist. LEXIS 70151 (E.D. Va. 2009). Approval of settlements in collective actions under the FLSA generally involves less stringent standards than Rule 23 class settlements. *Clark v. Ecolab, Inc*., 2010 WL 1948198, * 7 (S.D.N.Y. May 11, 2010). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Id. (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)). Litigating the claims poses risks to both parties, and a settlement resulting from an arm's-length negotiation should be approved. *Houston v. URS Corp*., No. 1:08cv203, 2009 WL 42474055, at *2,*5-10 (E.D. Va. Aug. 7, 2009) (approving FLSA settlement after determination that it was a fair and reasonable resolution of a bona fide dispute); *Lomascolo*, 2009 WL 3094955, at *10 (approving settlement of FLSA claims and noting "[l]itigants should be encouraged to determine their respective rights between themselves and there is an overriding public interest in favor of settlement, particularly in class action suits.") (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The settlement is the product of an arm's-length negotiation. "There is a presumption that no fraud or collusion occurred between counsel" during the negotiation of a settlement, absent evidence to the contrary. *Lomascolo*, 2009 WL 3094955 at *12. The settlement reached there was the result of an arm's-length negotiation. The Parties discussed the strengths and weaknesses of their relative positions and eventually reached an agreement that represented a reasonable allocation of the risk and expenses of continuing litigation. Plaintiffs have agreed to the settlement. The representations by counsel regarding the arm's-length nature of the settlement negotiations and the lack of evidence of fraud or collusion weigh in favor of approving the settlement. See *Lomascolo*, 2009 WL 3094955 at *7 (when the court determines that a settlement agreement was the product of arms-length negotiations that weighs in favor of approving the settlement).

Further, counsel for both Plaintiffs and Defendants are experienced in FLSA litigation. Defense counsel Brett M. Ehman has practiced employment and labor law for over 17 years. Over the previous 17 years, he has represented many defendants in FLSA litigation throughout the country, including in California, Texas, Louisiana, Colorado, Pennsylvania and here in South Carolina. Mr. Ehman has been a practicing attorney for 22 years and has the skills and expertise to adequately represent the Defendants against the Plaintiffs' claims. Plaintiffs' Counsel Marybeth has practiced employment law exclusively for over ten years and only represents employees. Ms. Mullaney has extensive experience in FLSA litigation and has represented plaintiffs in numerous collective actions. Ms. Mullaney has been a practicing attorney for more than 30 years and has the skills and expertise to adequately prosecute the Plaintiff's claims. Consequently, counsels' experience litigating FLSA claims weighs in favor of approving the settlement.

Finally, the attorneys' fees and costs of $13,001 are reasonable and appropriate. The plaintiffs' costs in the case are $1,957.20, which includes the filing fee, service of process fees, and the Plaintiffs' share of the mediation costs. Plaintiffs' Counsel's actual fees and costs were substantially higher at $27,500; however, she reduced her fees for settlement purposes. Consistent with the terms of the legal services agreement between Plaintiffs and their Counsel, the fees and expenses and a separately negotiated amount is being paid to Plaintiffs' counsel. The parties negotiated the fees separately from the award to the Plaintiffs and based the amount of the fee award on the hourly rates and work performed by Plaintiffs' Counsel rather than a percentage-of-the-fund method. Accordingly, the fee award is not reducing the amounts to be paid to the Plaintiffs as damages.

## **Conclusion**

For all the foregoing reasons, Plaintiffs and Defendants respectfully request that the Court grant approval of the proposed Settlement.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney, Esq. (FID 11162)
4900 O'Hear Ave Ste 100 & 200
North Charleston, SC 29405
(843) 588-5587
marybeth@mullaneylaw.net

*ATTORNEY FOR PLAINTIFFS*

sBrett M. Ehman
Brett M. Ehman, Esq. (FID 12844)
2971 West Montague Avenue, Suite 203
North Charleston, SC 29418
brett@ehmanlaw.com


*ATTORNEY FOR DEFENDANTS*

October 14, 2024
Charleston, South Carolina