UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TIMOTHY FIRESTONE AND LYRIC RICHARDSON, Individually and Behalf all others Similarly Situated,<br><br>                             Plaintiffs,<br><br>v.<br><br>FOOD CONCEPTS, LLC d/b/a Cowboys Brazilian Steakhouse, AND ARMELINDO CONTE *individually*,<br><br>                             Defendants.<br>_____ | Civil Action No. 2:22-cv-04020-BHH<br><br>**<u>ORDER APPROVING SETTLEMENT</u>** |

This matter is before the Court upon the parties' joint motion for settlement approval, filed pursuant to Rule 41 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA") (ECF No. 42.)

**BACKGROUND**

Plaintiffs Timothy Firestone ("Firestone") and Lyric Richardson ("Richardson") (collectively, "Plaintiffs") filed a second amended complaint against Defendants Food Concepts, LLC d/b/a Cowboys Brazilian Steakhouse ("Food Concepts") and Armelindo Conte ("Conte") (collectively, "Defendants") on July 28, 2023, alleging violations of the FLSA. (ECF No. 23.) Plaintiffs, individually and on behalf of themselves and other similarly situated current and former employees of Food Concepts, alleged that Defendants illegally claimed a tipped credit to reduce their hourly wages below federal minimum wage and illegally kept a portion of Plaintiffs' tips in violation of the FLSA. (*Id*. at 7-9 (first and second cause of action).) Richardson also brought an individual claim against Defendants

under the FLSA, alleging that Defendants failed to compensate her for her overtime work. (*Id.* at 9-10 (third cause of action).) Defendants filed an answer to the second amended complaint on August 2, 2023, denying all allegations and asserting that they at all times complied with the FLSA. (ECF No. 25.)

The parties engaged in written discovery and then mediated the case on September 26, 2024. It appears from their joint motion that they have agreed on a global settlement of all of Plaintiffs' claims. (ECF No. 42.) A copy of the parties' settlement agreement and release has been filed as an exhibit to their joint motion for settlement approval. (ECF No. 42-1.)

## DISCUSSION

Court approval is required of all FLSA claims where a plaintiff agrees to waive any and all prior claims under the Act. See *Taylor v. Progress Energy, Inc.*, 493 F.3d 454,460 (4th Cir. 2007); *DeWitt v. Darlington Cty. S.C.*, No. 4:11-CV-00740, 2013 WL 6408371, at *3 (D.S.C. Dec. 6, 2013).

In considering a motion to approve the settlement of an FLSA collective action, the Court must review the parties' proposed agreement for fairness and reasonableness, considering such factors as: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiffs; and (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. See *Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation)*, 927 F.2d 155, 158 (4th Cir. 1991).

Here, after review, the Court finds that all of the above factors weigh in favor of the Court's approval of the parties' settlement agreement. Only written discovery has taken place, and this proceeding is at a stage from which considerable time and expense would be required to complete the litigation absent a settlement. Additionally, there is no evidence of fraud or collusion on the part of the parties or their counsel in this case, and the proposed settlement agreement appears to be the product of arms-length negotiations that took place at formal mediation. Plaintiffs' counsel is an experienced employment attorney whose practice is devoted to employment law. She has litigated many other FLSA cases for many years and is thus able to competently evaluate the merits of Plaintiffs' claims. Both parties have had the opportunity to assess and calculate the potential damages in this case. In addition, the Court finds that the amount to be paid to Plaintiffs is reasonable and the attorneys' fee to be paid to Plaintiffs' counsel is also reasonable under the circumstances.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint motion for settlement approval (ECF No. 42), finding that the settlement is fair, reasonable, and an adequate settlement of a bona fide dispute. The Court shall retain jurisdiction of this action until all obligations pursuant to the settlement agreement have been met and a stipulation of dismissal is filed.

**IT IS ORDERED** that the terms of the settlement in this action are approved.

    /s/ Bruce Howe Hendricks
United States District Judge

November 22, 2024
Charleston, South Carolina